**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rahne Pistor; George Abel; Jacob Witherspoon,<br><br>    Plaintiffs,<br><br>vs.<br><br>Carlos Garcia; Reynolds Nejo; Terry Phillips; Tony McDaniel; Gila County Sheriff's Department; Farrell Hoosava; Lisa Kaiser; Unknown Agent of the Gila County Sheriff's Department; Unknown Agent of the State of Arizona, Department of Gaming; Sgt. Baxley; Dennis Newman; Gila County; Arizona,<br><br>    Defendants. | CV 12-00786-PHX-FJM<br><br>**ORDER** |

     We have before us defendants Carlos Garcia, Farrell Hoosava, and Lisa Kaiser's ("defendants") motion to dismiss for lack of jurisdiction (doc. 25) and declarations supporting the motion (docs. 26, 27, 28), plaintiffs' response (doc. 29), and defendants' reply (doc. 35) and declarations supporting the reply (docs. 36, 37, 38). We also have before us plaintiffs' motion to strike portions of defendants' reply (doc. 40), defendants' response (doc. 41), and plaintiffs' reply (doc. 42).

Plaintiffs, non-Indians, describe themselves as advantage gamblers.[1]  All three gambled at the Mazatzal Hotel & Casino ("Mazatzal") in Payson, Arizona, which is owned and operated by the Tonto Apache Tribe ("the Tribe") and is located on tribal land. Plaintiffs each won a substantial amount of money playing some of Mazatzal's video blackjack machines. Moving defendants are all employed by the Tribe. Hoosava is the General Manager of Mazatzal. Kaiser is employed by the Tribe as a Tribal Gaming Office Inspector. Garcia is employed by the Tribe as Chief of the Tonto Apache Police Department.

On October 25, 2011, plaintiffs allege that they were seized while inside Mazatzal. Pistor and Abel were handcuffed, and all three plaintiffs were brought to private rooms and questioned. Plaintiffs were eventually released and were not charged with any crime. Defendants seized thousands of dollars in cash and casino cash redemption tickets from plaintiffs. The property has not yet been returned.

Plaintiffs allege in their complaint that the seizure was part of a "joint action between the State of Arizona Department of Gaming, [t]he State of Arizona Department of Public Safety, [] the Gila County Sheriff's Office," and Mazatzal, Compl. ¶ 15 (doc. 1), done both to punish plaintiffs for winning and to steal back some of the money plaintiffs won at Mazatzal. Plaintiffs allege that Kaiser, Hoosava, and Garcia (who they refer to as the "Mazatzal defendants," "participat[ed] and conspir[ed] with the state actors in their individual capacities." Compl. ¶ 20.

Plaintiffs filed this action on April 13, 2012, alleging nine causes of action: (1) violation of 42 U.S.C. § 1983 (search and seizure); (2) violation of § 1983 (violation of due process in the form of a taking); (3) violation of § 1983 (substantive due process); (4) battery; (5) false imprisonment; (6) conversion; (7) defamation; (8) trespass to chattels; and (9) negligence. Hoover, Garcia, and Kaiser argue that they are entitled to tribal immunity, and ask us to dismiss all claims asserted against them for lack of subject matter jurisdiction.

---

[1] Plaintiffs limit their play to games with a statistical advantage favoring the player.

- 2 -

**I**

Plaintiffs move to strike defendants' citation in their reply to an unpublished Ninth Circuit opinion and their submission of new declarations by Garcia and Hubert Nanty, Executive Director of the Tribal Gaming Office. Striking these portions of the reply is unnecessary. If defendants raise new arguments on reply, we will simply not consider them. See Graves v. Arpaio, 623 F.3d 1043, 1048 (9th Cir. 2010) ("arguments raised for the first time in a reply brief are waived"). And even if defendants improperly rely on an unpublished opinion, we need not rely on it. Plaintiffs' motion to strike is denied.

**II**

Subject matter jurisdiction addresses the court's power to hear particular classes of cases and controversies. Whether we have the power to hear a kind of claim is a separate question from whether a particular claim against a particular defendant may be barred by the assertion of an affirmative defense. See Dunlap v. United States, CV-11-01360-PHX-FJM, 2012 WL 510532, at *5 (D. Ariz. Feb. 16, 2012) ("Subject matter jurisdiction relates to the power of a court to hear the class of claims to which the claim belongs and is not defeated just because the claim is barred by a defense."). This principle applies equally to assertions of sovereign immunity, a defense which can be waived. See Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 389, 118 S. Ct. 2047, 2052 (1998) (state's "legal power to assert a sovereign immunity defense" under the Eleventh Amendment can be waived; "[u]nless the State raises the matter, a court can ignore it"); Kiowa Tribe of Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 754, 118 S. Ct. 1700, 1702 (1998) (tribe can waive sovereign immunity). Thus, "[s]overeign immunity is grounds for dismissal independent of subject matter jurisdiction. A statute may create subject matter jurisdiction yet not waive sovereign immunity." Powelson v. United States, By & Through Sec'y of Treasury, 150 F.3d 1103, 1105 (9th Cir. 1998).

Here, plaintiffs assert claims under 42 U.S.C. § 1983 and state law. We have subject-matter jurisdiction to hear the § 1983 claims under 28 U.S.C. § 1331, and have supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367. Whether the claims

1 asserted against these three defendants should be dismissed based on the defense of tribal
2 immunity does not alter our power generally to hear these kinds of claims. Even if Hoosava,
3 Kaiser, and Garcia are entitled to tribal immunity from suit, in other words, it would be
4 inappropriate for us to dismiss the claims against them for lack of jurisdiction.[2] We deny the
5 motion on that basis.

### III

Even if we were to construe the motion as one to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., we would still deny it, at least with respect to the § 1983 claims.[3] An Indian tribe cannot be sued unless Congress has abrogated its immunity or the tribe has consented to suit. Kiowa Tribe, 523 U.S. at 754, 118 S. Ct. at 1702. Section 1983 actions cannot be used to address violations of constitutional rights committed "under color of tribal law." R.J. Williams Co. v. Fort Belknap Hous. Auth., 719 F.2d 979, 982 (9th Cir. 1983). Instead, to prevail on their § 1983 claims, plaintiffs must show "(1) that the conduct complained of was committed by a person acting under the color of state law; and (2) that this conduct deprived them of rights, privileges, or immunities secured by the Constitution or laws of the United States." Evans v. McKay, 869 F.2d 1341, 1347 (9th Cir. 1989) (emphasis in original).

Here, plaintiffs have not sued the Tribe. Instead, they have sued Hoosava, Kaiser, and Garcia, three tribal employees. Tribal immunity extends to tribal employees sued in their official capacities for actions taken in the scope of their authority. Cook v. Avi Casino Enters., Inc., 548 F.3d 718, 727 (9th Cir. 2008). Defendants are not entitled to tribal immunity, however, if they are sued under § 1983 in their individual capacities for actions

---

[2] Defendants also state that the claims should be dismissed against them for lack of personal jurisdiction. They do not, however, offer any argument for why this court lacks personal jurisdiction over them, other than that they are entitled to tribal immunity.

[3] Defendants have not addressed the propriety of asserting state law claims against tribal employees for events occurring on tribal land, and we do not discuss the issue here.

1 that they took under color of state law. See Evans, 869 F.2d at 1347-48. Thus, the crucial
2 question in this case becomes whether plaintiffs sued these defendants under § 1983 in their
3 official capacities or in their individual capacities. The distinction between the two has
4 "confuse[d] lawyers and confound[ed] lower courts." Kentucky v. Graham, 473 U.S. 159,
5 165, 105 S. Ct. 3099, 3105 (1985). A suit against a person in his official capacity is really
6 a suit against the State. Accordingly, the only immunities available to a person sued in his
7 official capacity are those immunities available to the State. Hafer v. Melo, 502 U.S. 21, 25,
8 112 S. Ct. 358, 362 (1991). By contrast, a person can be individually liable under § 1983 for
9 actions taken pursuant to his official authority (actions falling, in other words, within the
10 scope of his employment). See id. at 28, 112 S. Ct. at 363 (argument that official cannot be
11 individually liable under § 1983 for actions taken within his authority and necessary to state
12 function "finds no support" in the statute and "cannot be reconciled" with the case law).

13 Although the complaint does not clearly indicate the capacity in which these
14 defendants have been sued, plaintiffs clarify that they do not seek to hold the Tribe liable, but
15 rather seek to hold these defendants individually liable for their actions. Resp. to Mot. to
16 Dismiss at 16. Moreover, plaintiffs have alleged that Hoosava, Kaiser, and Garcia acted in
17 concert with state officials to detain, question, and confiscate the plaintiffs' property. For
18 example, they allege that Garcia and Hoosava invited the participation of the Arizona
19 Department of Gaming, the Arizona Department of Public Safety, and the Gila County
20 Sheriff's Office to help seize plaintiffs' property. Compl. ¶ 15. Plaintiffs also allege that they
21 were initially seized by state officials, were detained at Mazatzal and searched by both tribal
22 employees and state officials, and that some of their property was seized by "Indian
23 defendants." Compl. ¶¶ 31-33.

24 Taking these allegations as true, as we must if the issue was before us on a Rule
25 12(b)(6), Fed. R. Civ. P. motion to dismiss, we would conclude that plaintiffs have
26 sufficiently stated a § 1983 claim against Hoosava, Kaiser, and Garcia in their individual
27 capacities.

28

- 5 -

**IV**

**IT IS ORDERED DENYING** plaintiffs' motion to strike portions of defendants' reply (doc. 40).  **IT IS FURTHER ORDERED DENYING** defendants Hoosava, Garcia, and Kaiser's motion to dismiss for lack of jurisdiction (doc. 25).

DATED this 5th day of September, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge