courtdocs@mwmf.com
Glenn M. Feldman (#010867)
glenn.feldman@mwmf.com
D. Samuel Coffman (#011428)
sam.coffman@mwmf.com
**MARISCAL, WEEKS, MCINTYRE**
  **& FRIEDLANDER, P.A.**
2901 North Central Avenue, Suite 200
Phoenix, Arizona 85012-2705
Phone: (602) 285-5000
Fax: (602) 285-5100

**Attorneys for Defendants Garcia, Hoosava and Kaiser**

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Rahne Pistor, el al., | Case No. CV 12-00786-PHX-FJM |
| Plaintiffs, | **ANSWER OF TRIBAL DEFENDANTS CARLOS GARCIA, FARRELL HOOSAVA AND LISA KAISER** |
| v. | |
| Carlos Garcia, et al., | |
| Defendants. | |

Defendants Carlos Garcia, Farrell Hoosava and Lisa Kaiser (the "Tribal Defendants") for their Answer to Plaintiffs' Complaint, admit, deny, and allege as follows:[1]

## **JURISDICTION**

1.     Responding to the allegations of Paragraph 1 of the Complaint, the Tribal Defendants admit that the case purports to arise out of allegations of the seizure of the plaintiffs and their property and deny the remaining allegations of Paragraph 1.

---

[1] The Tribal Defendants submit their Answer without waiving any defenses that a stay should be in place in regard to plaintiffs proceeding against them in the litigation pending determination of their appeal to the Ninth Circuit of the denial of their motion to dismiss.

1    2.    Responding to the allegations of Paragraph 2 of the Complaint, the Tribal

2    Defendants admit that plaintiffs have filed a lawsuit alleging constitutional and state

3    law claims and deny that plaintiffs are entitled to any relief arising therefrom.

4    3.    The Tribal Defendants deny the allegations of Paragraph 3.

5    **ALLEGATIONS, ALL COUNTS**

6    4.    Paragraph 4 of the Complaint is denied.

7    5.    Paragraph 5 of the Complaint is denied.

8    6.    Paragraph 6 of the Complaint is denied.

9    7.    Responding to the allegations of Paragraph 7 of the Complaint, the Tribal

10   Defendants are without sufficient knowledge or information as to form a belief as to the

11   truth or veracity of the matters asserted therein and therefore deny the same.

12   8.    Responding to the allegations of Paragraph 8 of the Complaint, the Tribal

13   Defendants are without sufficient knowledge or information as to form a belief as to the

14   truth or veracity of the matters asserted therein and therefore deny the same.

15   9.    Responding to the allegations of Paragraph 9 of the Complaint, the Tribal

16   Defendants are without sufficient knowledge or information as to form a belief as to the

17   truth or veracity of the matters asserted therein and therefore deny the same.

18   10.    Responding to the allegations of Paragraph 10 of the Complaint, the

19   Tribal Defendants are without sufficient knowledge or information as to form a belief as

20   to the truth or veracity of the matters asserted therein and therefore deny the same.

21   11.    Responding to the allegations of Paragraph 11 of the Complaint, the

22   Tribal Defendants deny becoming aware of the plaintiffs' alleged method of play.  The

23   Tribal Defendants admit that at some point they became generally aware of plaintiffs'

24   winnings.

25   12.    Responding to the allegations of Paragraph 12 of the Complaint, the

26   Tribal Defendants admit that on or about October 25, 2011, some or all of the Tribal

Defendants met with members of the Arizona Department of Public Safety, and the Gila County Sheriff's office.   The remaining allegations are denied of Paragraph 12 are denied.

13.    Paragraph 13 of the Complaint is denied.

14.    Paragraph 14 of the Complaint is denied.

15.    Paragraph 15 of the Complaint is denied.

16.    Paragraph 16 of the Complaint is denied.

17.    Paragraph 17 of the Complaint is denied.

18.    Paragraph 18 of the Complaint is denied.

19.    Responding to Paragraph 19 of the Complaint, the allegations contained therein are legal argument, call for legal conclusions and are therefore not proper allegations.   To the extent a response is required, the allegations of Paragraph 19 are denied.

20.    Paragraph 20 of the Complaint is denied.

21.    Paragraph 21 of the Complaint is denied.

22.    Responding to Paragraph 22 of the Complaint, the allegations contained therein are legal argument, call for legal conclusions and are therefore not proper allegations.   To the extent a response is required, the allegations of Paragraph 22 are denied.

23.    Paragraph 23 of the Complaint is denied.

24.    Paragraph 24 of the Complaint is denied.

25.    Paragraph 25 of the Complaint is denied.

26.    Paragraph 26 of the Complaint is denied.

27.    Paragraph 27 of the Complaint is denied.

28.    Paragraph 28 of the Complaint is denied.

29.    Paragraph 29 of the Complaint is denied.

30.     Paragraph 30 of the Complaint is denied.

31.     In responding to the allegations of Paragraph 31 of the Complaint, the Tribal Defendants admit that plaintiffs were detained for a period of time. The remaining allegations of Paragraph 31 are denied.

32.     Paragraph 32 of the Complaint is denied.

33.     Paragraph 33 of the Complaint is denied.

34.     Responding to the allegations of Paragraph 34 of the Complaint, the Tribal Defendants are without sufficient knowledge or information as to form a belief as to the truth or veracity of the matters asserted therein and therefore deny the same.

35.     Paragraph 35 of the Complaint is denied.

36.     Responding to Paragraph 36 of the Complaint, the Tribal Defendants admit, upon information and belief that upon being released, the plaintiffs were not charged with any offense. The Tribal Defendants are without sufficient knowledge or information as to form a belief as to the truth or veracity of the remaining allegations of Paragraph 36 and deny the same.

37.     Responding to Paragraph 37 of the Complaint, the allegations contained therein are legal argument, call for legal conclusions and are therefore not proper allegations.   To the extent a response is required, the allegations of Paragraph 37 are denied.

38.     Responding to the allegations of Paragraph 38 of the Complaint, the Tribal Defendants admit that property was taken from the plaintiffs including an MP3 player, cell phones, cash, and casino redemption tickets.   The remaining allegations of Paragraph 38 are denied.

39.     Responding to the allegations of Paragraphs 39 of the Complaint, the Tribal Defendants admit that property of plaintiffs has not been returned.   The Tribal Defendants admit that there have been communications between the parties through

counsel regarding the return of plaintiffs' property and affirmatively alleged that the Tribal Defendants have agreed to return such property and are in the process of doing so.  The Tribal Defendants deny the remaining allegations of paragraph 39.

40.     The Tribal Defendants deny the allegations of Paragraph 40.

41.     The Tribal Defendants deny the allegations of Paragraph 41.

42.     Paragraph 42 of the Complaint is admitted.

43.     Responding to the allegations of Paragraph 43 of the Complaint, the Tribal Defendants are without sufficient knowledge or information as to form a belief as to the truth or veracity of the matters asserted therein and therefore deny the same.

44.     Upon information and belief, the Tribal Defendants admit the allegations of Paragraph 44.

45.     Responding to the allegations of Paragraph 45 of the Complaint, the Tribal Defendants are without sufficient knowledge or information as to form a belief as to the truth or veracity of the matters asserted therein and therefore deny the same.

46.     Responding to the allegations of Paragraph 46 of the Complaint, the Tribal Defendants are without sufficient knowledge or information as to form a belief as to the truth or veracity of the matters asserted therein and therefore deny the same.

47.     Responding to the allegations of Paragraph 47 of the Complaint, the Tribal Defendants are without sufficient knowledge or information as to form a belief as to the truth or veracity of the matters asserted therein and therefore deny the same.

48.     Responding to the allegations of Paragraph 48 of the Complaint, the Tribal Defendants are without sufficient knowledge or information as to form a belief as to the truth or veracity of the matters asserted therein and therefore deny the same.

49.     Paragraph 49 of the Complaint is denied.

50.     Responding to the allegations of Paragraph 50 of the Complaint, the Tribal Defendants are without sufficient knowledge or information as to form a belief as to the truth or veracity of the matters asserted therein and therefore deny the same.

51.     Responding to the allegations of Paragraph 51 of the Complaint, the Tribal Defendants are without sufficient knowledge or information as to form a belief as to the truth or veracity of the matters asserted therein and therefore deny the same.

52.     Paragraph 52 of the Complaint is denied.

53.     Paragraph 53 of the Complaint is denied.

54.     Responding to Paragraph 54 of the Complaint, the allegations contained therein are legal argument, call for legal conclusions and are therefore not proper allegations.  To the extent a response is required, the allegations of Paragraph 54 are denied.

### FIRST CAUSE OF ACTION – VIOLATIONS OF 42 U.S.C. § 1983 (SEARCH AND SEIZURE)

55.     Paragraph 55 of the Complaint is denied.

56.     Paragraph 56 of the Complaint is denied.

57.     Responding to Paragraph 57 of the Complaint, the Tribal Defendants are unaware of whether the State of Arizona provided a written explanation as the basis of the seizure.  The remaining allegations contained therein are legal argument, call for legal conclusions and are therefore not proper allegations.  To the extent a response is required, the allegations of Paragraph 57 are denied.

58.     Paragraph 58 of the Complaint is denied.

59.     Responding to Paragraph 59 of the Complaint, the allegations contained therein are legal argument, call for legal conclusions and are therefore not proper allegations.  To the extent a response is required, the allegations of Paragraph 59 are denied.

1    60.    Paragraph 60 of the Complaint is denied.

2    **SECOND CAUSE OF ACTIONS – VIOLATIONS OF 42 U.S.C. § 1983**
3    **(VIOLATION OF DUE PROCESS IN THE FORM OF A TAKING OR**
     **CONTINUING SEIZURE OF PROPERTY**

4    61.    Paragraph 61 of the Complaint alleges no allegations.  Tribal Defendants

5    incorporate by reference herein their prior responses to the Complaint above.

6    62.    Responding to Paragraph 62 of the Complaint, the allegations contained

7    therein are legal argument, call for legal conclusions and are therefore not proper

8    allegations.  To the extent a response is required, the allegations of Paragraph 62 are

9    denied.

10    63.    Paragraph 63 of the Complaint is denied.

11    64.    Paragraph 64 of the Complaint is denied.

12    **THIRD CAUSE OF ACTION – VIOLATIONS OF 42 U.S.C. § 1983**
     **(SUBSTANTIVE DUE PROCESS)**

13    65.    Paragraph 65 of the Complaint alleges no allegations.  Tribal Defendants
14    incorporate by reference herein their prior responses to the Complaint above.

15    66.    Responding to Paragraph 66 of the Complaint, the allegations contained
16    therein are legal argument, call for legal conclusions and are therefore not proper
17    allegations.  To the extent a response is required, the allegations of Paragraph 66 are
18    denied.

19    67.    Paragraph 67 of the Complaint is denied.
20    68.    Paragraph 68 of the Complaint is denied.

21    **THIRD CASUE OF ACTION – BATTERY**

22    69.    Paragraph 69 of the Complaint alleges no allegations.  Tribal Defendants
23    incorporate by reference herein their prior responses to the Complaint above.

24    70.    Paragraph 70 of the Complaint is denied.

25    71.    Paragraph 71 of the Complaint is admitted.

26    72.    Paragraph 72 of the Complaint is denied.

73.     Paragraph 723 of the Complaint is denied.

74.     Responding to the allegations of Paragraph 74 of the Complaint, the Tribal Defendants are without sufficient knowledge or information as to whether Defendant Nejo directed the alleged handcuffing of plaintiffs.    The remaining allegations of Paragraph 74 are denied.

75.     Paragraph 75 of the Complaint is denied.

76.     Paragraph 76 of the Complaint is denied.

77.     Paragraph 77 of the Complaint is denied.

### FOURTH CAUSE OF ACTION – FALSE IMPRISON

78.     Paragraph 78 of the Complaint alleges no allegations.  Tribal Defendants incorporate by reference herein their prior responses to the Complaint above.

79.     Paragraph 79 of the Complaint is denied.

80.     Responding to the allegations of Paragraph 80 of the Complaint, the Tribal Defendants only admit that the plaintiffs were detained.    The remaining allegations of Paragraph 80 are denied.

81.     Responding to the allegations of Paragraph 81 the Tribal Defendants are without sufficient knowledge or information as to form a belief as to the truth or veracity of the matters asserted therein and therefore deny the same.

82.     Paragraph 82 of the Complaint is denied.

83.     Paragraph 83 of the Complaint is denied.

84.     Paragraph 84 of the Complaint is denied.

85.     Paragraph 85 of the Complaint is denied.

### FIFTH CAUSE OF ACTION -- CONVERSION

86.     Paragraph 86 of the Complaint alleges no allegations.  Tribal Defendants incorporate by reference herein their prior responses to the Complaint above.

87.     Paragraph 87 of the Complaint is denied.

1      88.     Paragraph 88 of the Complaint is denied.

2      89.     Paragraph 89 of the Complaint is denied.

3      90.     Paragraph 90 of the Complaint is denied.

4      91.     Paragraph 91 of the Complaint is denied.

5      92.     Paragraph 92 of the Complaint is denied.

6      93.     Paragraph 93 of the Complaint is denied.

7

**SIXTH CAUSE OF ACTION – DEFAMATION**

8      94.     Paragraph 94 of the Complaint alleges no allegations.  Tribal Defendants

9 incorporate by reference herein their prior responses to the Complaint above.

10      95.     Responding to the allegations of Paragraph 95 of the Complaint, the

11 Tribal Defendants are without sufficient knowledge or information as to form a belief as

12 to the truth or veracity of the matters asserted therein and therefore deny the same.

13      96.     Responding to the allegations of Paragraph 96 of the Complaint, the

14 Tribal Defendants are without sufficient knowledge or information as to form a belief as

15 to the truth or veracity of the matters asserted therein and therefore deny the same.

16      97.     Responding to the allegations of Paragraph 97 of the Complaint, the

17 Tribal Defendants are without sufficient knowledge or information as to form a belief as

18 to the truth or veracity of the matters asserted therein and therefore deny the same.

19      98.     Paragraph 98 of the Complaint is denied.

20      99.     Paragraph 99 of the Complaint is denied.

21      100.   Paragraph 100 of the Complaint is denied.

22      101.   Paragraph 101 of the Complaint is denied.

23

**SEVENTH CAUSE OF ACTION – TRESPASS TO CHATTELS**

24      102.   Paragraph 102 of the Complaint alleges no allegations.  Tribal Defendants

25 incorporate by reference herein their prior responses to the Complaint above.

26      103.   Paragraph 103 of the Complaint is denied.

1   104.   Paragraph 104 of the Complaint is denied.

2   **EIGHTH CAUSE OF ACTION – NEGLIGENCE**

3   105.   Paragraph 105 of the Complaint alleges no allegations.  Tribal Defendants

4   incorporate by reference herein their prior responses to the Complaint above.

5   106.   Paragraph 106 of the Complaint is denied.

6   107.   Paragraph 107 of the Complaint is denied.

7   108.   Paragraph 108 of the Complaint is denied.

8   109.   The Tribal Defendants deny each and every allegation of the Complaint

9   not expressly admitted above.

10   **AFFIRMATIVE DEFENSES**

11   For their affirmative defenses, the Tribal Defendants allege:

12   1.   Lack of personal jurisdiction.

13   2.   Lack of subject matter jurisdiction.

14   3.   Tribal sovereignty.

15   4.   That at all times relevant hereto they were acting within the scope of their

16   employment positions with the Tribe.

17   5.   The Tribal Defendants were not acting under the color of state law.

18   6.   The Tribal Defendants are entitled to qualified immunity.

19   7.   The Tribal Defendants assert the tribal authority to detain suspected

20   violators as authorized under federal common law.

21   8.   Plaintiffs cannot prove special damages of any claim alleging defamation.

22   9.   Reasonable suspicion and/or probable cause for Plaintiffs' detentions.

23   10.   Comparative fault on others than the Tribal Defendants.

24   11.   Failure to state a claim upon which relief can be granted.

25   WHEREFORE, having fully answered the Complaint, the Tribal Defendants

26   request that the Complaint be dismissed against them, that they be awarded their

1   attorneys' fees and costs and other further relief as deemed appropriate under the

2   circumstances.

3          RESPECTFULLY SUBMITTED this 24th day of September, 2012.

4                                              MARISCAL, WEEKS, MCINTYRE
                                                  & FRIEDLANDER, P.A.
5
                                               By:  /s/D. Samuel Coffman
6                                                   Glenn M. Feldman
                                                    D. Samuel Coffman
7                                                   2901 N. Central Avenue, Suite 200
                                                    Phoenix, Arizona  85012
8                                                   (602) 285-5138
9                                                   **Attorneys for Defendants Garcia,
                                                    Hoosava and Kaiser**
10

11

12   **ORIGINAL** electronically filed and
     **COPY** mailed this 24th day of
13   September, 2012, to:

14
     Hon. Frederick J. Martone
15   United States District Court
     Sandra Day O'Connor U.S. Courthouse
16   401 West Washington Street, SPC 62, Suite 526
     Phoenix, AZ 85003-2158
17
     Robert A. Nersesian, Esq.
18   Nersesian & Sankiewicz
     528 South 8th Street
19   Las Vegas, NV 89101
     Attorneys for Plaintiffs
20
     Jonathan Weisbard, Esq.
21   Assistant Attorney General
     1275 West Washington Street
22   Phoenix, AZ 85007-2926
     Attorneys for Defendants State of Arizona
23
24   . . .

25   . . .

26   . . .

1   Georgia A. Stanton, Esq.
    Michele Molinario, Esq.
2   Jones, Skelton & Hochuli, PLC
    2901 North Central Avenue, Suite 800
3   Phoenix, AZ 85012
    Attorneys for Defendants Gila County;
4   Gila County Sheriff's Office; Sgt. Travis Baxley
    and Deputy Dennis Newman
5

6
    By: /s/ Judy Kaelin
7

8
    U:\ATTORNEYS\DSC\Tonto-Apache\Answer to Plaintiffs' Complaint.doc
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26