**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rahne Pistor, et al, | No. CV-12-00786-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Carlos Garcia et al, | |
| Defendant. | |

The court has before it the Gila County defendants' Motion to Stay Trial Pending Interlocutory Appeal (doc. 174), plaintiffs' Response (doc. 176), and defendants' Reply (doc. 191).

The rash filing of interlocutory appeals has needlessly interfered with the smooth processing of this case. First, the tribal defendants insisted on an interlocutory appeal, when an early motion for summary judgment would likely have ended the case as to them months ago. We have seen a lot of evidence and none of it points to the tribal defendants acting under color of state law. But this was not good enough for the tribal defendants, so they are bogged down in an interlocutory appeal from an order entered at the pleading stage. This just adds to the expense and delay of litigation.

Now, on the eve of trial, the county defendants have filed an interlocutory appeal from an order denying summary judgment on a defense of qualified immunity. See *Mitchell v. Forsyth,* 105 S. Ct. 2806, 2817 (1985). They seek a stay of the trial and complain that they

1 should not be "punished" for exercising a right to appeal. Motion at 4. But just because one
2 can take an interlocutory appeal does not mean it is always wise to do so. It is one thing to
3 take such an appeal at an early point in the case. But to take one on the eve of trial creates
4 problems without any accompanying benefit. A major purpose of allowing an interlocutory
5 appeal from the denial of a claim of qualified immunity is to achieve the benefit of
6 immunity–litigation and trial avoidance. But once you have litigated to the point of trial, you
7 have lost most of the benefit to be derived from an otherwise piecemeal approach. It would
8 have been wiser to forego the interlocutory appeal and go to trial. If you prevail, the issue
9 is moot. If you do not, the issue is preserved for appellate review.

10 There is little left to try at this point. Contrary to plaintiffs' contention, all that is left
11 is the damages claim of Pistor for battery and false imprisonment. This will not take long.
12 And it will give the parties a good measure of the case.

13 Even though the tribal defendants' interlocutory appeal has been pending since
14 September 18, 2012 (doc. 47), the county defendants argue that a stay will not delay the case
15 "for very long." Motion at 4. On the contrary, the delay is likely to be protracted.

16 The factors to consider in granting or denying a stay are similar to those considered
17 in granting or denying preliminary injunctive relief. The first is probability of success on the
18 merits. We think it highly improbable that the county defendants will prevail on the merits
19 of their qualified immunity defense. Indeed, they misstate the court's basis for concluding
20 that there was no probable cause by relying exclusively on a passing comment while ignoring
21 the substance of the court's analysis. Compare Motion at 3 with Order of Jan 13, 2014 at 6-8
22 (doc. 168).

23 A weighing of harms tilts greatly in favor of denying a stay. The county defendants'
24 harms are largely self inflicted. They can achieve unitary adjudication by dismissing the
25 improvidently filed interlocutory appeal, preserving their issue for appeal, if necessary, after
26 final judgment. Moreover, the issues are easily ameliorated. There will be no double
27 recovery. While a party may recover multiple judgments, it is entitled to but one satisfaction.
28 The harm caused by delay are substantial–added expense and the languishing on the docket

1   of a stale case. All of the documents we need for trial have already been filed. The jurors
2   have been summonsed. The final pretrial conference will be held on Wednesday, February
3   5th. The trial will follow on Tuesday, February 11th. In contrast to the harm caused to the
4   court and the public, plaintiffs' lack of opposition to a stay is entitled to little weight.
5   Lawyers, unlike their clients, sometimes prefer delay.

6   The public interest, too, is served by denying a stay. The public is tired of the cost
7   and delay associated with civil litigation. It is a major factor in the public's loss of
8   confidence in our system of justice. These considerations led to the enactment of 28 U.S.C.
9   §§471-82, which contemplate "firm trial dates" occurring "within eighteen months after the
10  filing of the complaint." *Id.* at § 473(a)(2)(B).

11  After a case is set for trial, "it shall not be continued except as justice requires."
12  LRCiv. 40.2(b). The county defendants have failed to show that justice requires a
13  continuance here. For all of these reasons, it is ORDERED DENYING the county
14  defendants' Motion for Stay. (Doc. 174).

15  DATED this 29th day of January, 2014.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge

- 3 -